EDGAR B. TAYLOR, Appellant, *v.* CHARLES G. SAXE et al.,
Respondents.

Defendants contracted to sell to plaintiff a boat load of lumber of specified
  kinds and quality, to be delivered at plaintiff's dock; the latter refused
  to accept the lumber on arrival, on the ground that it was not of the
  quality specified. Defendants' agent thereupon inspected the lumber
  and pronounced it of inferior quality, and at his request, plaintiff per-
  mitted it to be unloaded on the dock and stored for defendants' benefit,
  plaintiff paying the freight and duties which, under the contract, he
  agreed to do, deducting the same from the purchase-price. In an action
  to recover damages for breach of the contract, *held*, that plaintiff was
  entitled to recover the amount paid by him for freight and duties, also
  for storage of the lumber, and damages for failure to deliver lumber of
  the quality specified; and that the damages were properly assessed upon
  the basis of the difference between the value of the lumber contracted
  for at the place of delivery and the contract price.
*Taylor* v. *Saxe* (57 Hun, 411), reversed.

(Submitted April 28, 1892 ; decided May 31, 1892.)

APPEAL from so much of a judgment of the General Term
of the Supreme Court, in the second judicial department,
entered upon an order made July 18, 1890, which modified a
judgment in favor of plaintiff, entered upon the report of a
referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Thompson & Lown* for appellant.

*William P. Rudd* for respondents.

BROWN, J.   The facts of this case, so far as they are mate-
rial to the questions presented on this appeal, are as follows :
The defendants being partners, agreed to sell to the plaintiff
a boat load of lumber then in Canada, of a specified size and
quality, to be delivered upon the dock of the plaintiff at
Poughkeepsie at an agreed price.

Upon inspection of the lumber after its arrival at his dock
plaintiff refused to accept it, on the ground that it was not of

the quality represented. The defendants, upon notification of such refusal, sent their agent to examine the lumber, who also pronounced it inferior to the kind and quality the defendants had agreed to sell, and thereupon at the defendants' request the captain of the boat was permitted to unload the same upon the dock, and it was there stored for defendants' benefit.

Subsequently this action was commenced to recover (1) the amount paid by plaintiff for freight and duties which, under the contract he was to pay and deduct from the purchase-price; (2) storage of the lumber, and (3) damages for failure of the defendants to deliver lumber of the quality specified.

Upon the trial before the referee plaintiff recovered upon each one of said claims and the damages for breach of the contract were assessed upon the basis of the difference between the value of the lumber at the place of delivery and the contract price.

Upon appeal to the General Term the recovery for damages for breach of the contract was stricken out and the judgment so modified affirmed, from which determination plaintiff appealed to this court.

The judgment of the General Term was based upon the fact assumed to exist that there had been a rescission of the contract by the plaintiff. In this conclusion we think that learned court erred. The referee made no finding of that kind, nor was the fact asserted in the pleadings. The complaint alleged the arrival at plaintiff's dock of a boat load of lumber and its rejection because it was inferior to the quality agreed to be delivered, and damages by reason of such failure to carry out the contract. The answer asserted the execution and performance of the contract on defendants' part. It was essential to plaintiff's rights under the contract that he should promptly examine the lumber tendered him by the defendants, and his right to recover from them damages for a failure to deliver the kind and quality specified would not, in the absence of proof of fraud or latent defects have survived the acceptance and retention of the property. (*Studer* v. *Bleistein*, 115 N. Y. 316; *Pierson* v. *Crooks*, id. 539.)

The referee found that the plaintiff did not receive or accept the lumber, and the case made upon the evidence and the referee's conclusions thereon was one of a breach of an executory contract.

The plaintiff's remedy upon such a case was not limited to the right to rescind the contract and refuse to accept the lumber, and recover the payments made for freight and duties as was held by the General Term, but he could recover such damages as he had suffered from a breach of the contract. (*Dana* v. *Fiedler*, 12 N. Y. 40; *Highlands Chemical & Mining Co.* v. *Mathews*, 76 id. 145.)

The conclusion of the referee was well sustained upon the facts as determined by him, and it follows that the judgment of the General Term, so far as it modifies the judgment entered upon the referee's report, must be reversed with costs of this court and of the General Term.

All concur.

Judgment accordingly.