[Civ. No. 288. First Appellate District.—February 21, 1897.]

## L. F. GIFFEN, Respondent, v. SELMA FRUIT COMPANY, Appellant.

BREACH OF CONTRACT TO SEED AND PACK RAISINS—NEGLIGENCE—DAMAGES—QUESTION OF TITLE.—In an action to recover damages for breach of contract by a fruit company to seed and pack a carload of raisins for a firm in a first-class manner, where it appears that they were so negligently seeded and packed that they were spoiled and became worthless, the fruit company became liable to the firm for the damages caused by the violation of the contract, if it does not appear, as claimed by the fruit company, that the firm had parted with the title to the raisins by a sale thereof before suit.

ID.—SALE OF RAISINS BY SAMPLE—WARRANTY OF QUALITY—REJECTION BY PURCHASER—TITLE NOT PASSED.—Where the carload of raisins in question was sold by sample by the firm before suit, a warranty to the purchaser was implied that the raisins were up to the sample, and where they were rejected by the purchaser upon inspection as not being up to the sample, no title passed thereto from the firm.

ID.—DELIVERY OF BILL OF LADING WITH DRAFT—INTENTION NOT TO PASS TITLE.—Where the raisins sold by sample were billed to the order of the firm, subject to inspection and acceptance by the purchaser, and the bill of lading and an accompanying draft were received by the purchaser and the draft paid, before the raisins arrived, which, upon arrival and inspection, were rejected, after which the

draft was repaid by the firm, it is clear that it was intended that the bill of lading should not have the effect to pass the title.

ID.—EVIDENCE—COURSE OF BUSINESS.—Evidence was admissible to show the course of business of the proposed purchaser with the firm to pay all drafts accompanying bills of lading, without reference to the transfer of the goods shipped by the bill of lading, that the drafts were paid and charged to the account of the seller, and the goods, when received and accepted, were credited to the seller.

ID.—CROSS-EXAMINATION—CORRESPONDENCE—BEST EVIDENCE—MOTION TO STRIKE OUT—DISCRETION.—Where, on cross-examination, it appeared that various letters passed between the parties, it was not an abuse of discretion for the court to refuse to strike out the evidence with regard to the course of business, on the ground that the letters were the best evidence, where no objection was made when the evidence was offered, and it does not clearly appear that all the course of business was by letters, and where defendant made no attempt to have the letters produced.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a motion for new trial.    H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Strother & Strother, and Harris & Perkins, for Appellant.

M. B. Harris, E. M. Harris, and Frank Kauke, for Respondent.

COOPER, P. J.—This action was brought to recover damages for breach of contract, and was tried before a jury. A verdict was returned for plaintiff, upon which judgment was duly entered. This appeal is from the judgment and order denying defendant's motion for a new trial.

The facts are in substance as follows: In September, 1904, the defendant entered into a contract in writing with L. F. Giffen and Co. (plaintiff's assignor) by the terms of which it agreed to seed and pack in a first-class manner the raisins of Giffen & Co. for the season of 1904-5 at the rate of $1.35 per hundred pounds.

In December, 1904, the defendant, under the contract, seeded and packed the carload of raisins, out of which this controversy arose, for Giffen & Co., and received compensation therefor according to the terms of the contract. It is alleged

that instead of seeding and packing the raisins in accordance
with the contract, the defendant negligently seeded and
packed them so that they spoiled and became absolutely worth-
less.    The verdict of the jury finds by implication that the al-
legation as to defendant's negligence is true.    The statement
on motion for a new trial shows that the plaintiff introduced
evidence tending to show that the raisins were not in good
condition, and that their condition "was due to the fault
and negligence of the defendant in seeding, processing and
packing said raisins."    Appellant's counsel, in their opening
brief, very frankly and properly admit that "the evidence
as to such wrongful acts of defendant was conflicting, and the
jury found for the plaintiff."

It seems, therefore, evident that the defendant violated its
contract, and thus became liable for the damages it caused
thereby.

It is contended, however, by the defendant that Giffen &
Co., prior to the commencement of this action, had sold the
raisins to McCord-Brady Co. of Omaha, and hence they argue
that the right of action was in McCord-Brady Co. and not in
the plaintiff.    The decision of the case upon its merits is thus
dependent upon the question as to whether or not Giffen & Co.
had parted with the title to the raisins.    The evidence shows
that prior to the commencement of the action Giffen & Co.
had agreed to sell to McCord-Brady Co. at Omaha a given
quantity of raisins in accordance with a sample which had been
sent.    The carload of raisins involved in this suit was shipped
to fill this order.    The raisins were billed to the order of
Giffen & Co. at Omaha subject to inspection.    When the ship-
ment was made Giffen & Co. drew on McCord-Brady Co. for
the agreed price of the raisins, the draft being attached to
the bill of lading, and forwarded to the National Bank of
Omaha for collection.    The bill of lading bore across the face
of it the direction to "allow inspection."    An invoice and
bill of the raisins were sent to the McCord-Brady Co., and
the draft was paid by them upon presentation, but at the
time it was paid the company had not inspected nor received
the raisins, because they had not arrived at their destination.
Upon the arrival of the raisins they were rejected upon in-
spection, and Giffen & Co. were notified of such rejection, and
upon being so notified they stored the raisins in a warehouse

in Omaha, and were unable to dispose of them. In the course of dealing between Giffen & Co. and the McCord-Brady Co., the drafts drawn on the company at Omaha were paid, charged to the account of Giffen & Co., and the goods, when received, credited to Giffen & Co. The draft in this case was charged to the account of Giffen & Co., and has since been paid in full by them.

We are of opinion that the above facts do not constitute a sale of the raisins to the McCord-Brady Co. A sale is a contract by which one transfers to another an interest in property. In order to constitute a sale the contract must give and pass rights of property. The property must be identified. The evidence shows that the raisins were bought by sample, and that they were rejected, because not up to sample. Upon proof that the sale was made by sample the law implies a warranty that the quality of the property sold is up to the sample exhibited (Civ. Code, sec. 1766), and the title will not pass until there has been an acceptance. (Mechem on Sales, secs. 522, 746, 1212; *Pope* v. *Allis,* 115 U. S. 372, [6 Sup. Ct. 69]; *Taylor* v. *Saxe,* 134 N. Y. 67, [31 N. E. 258]; *Gardiner* v. *McDonogh,* 147 Cal. 313, [81 Pac. 964].)

It is claimed that the delivery of the bill of lading with the draft to McCord-Brady Co. had the effect to transfer the title of the carload of raisins to McCord-Brady Co. A bill of lading does not in all cases transfer the title of the property described thereon to the party to whom it is delivered. It depends upon the circumstances of the particular case and the intention of the parties. In this case the intention was that the bill of lading should be delivered to McCord-Brady Co. with the draft, and when the draft was paid and the raisins inspected and accepted as being up to the sample the title should vest in McCord-Brady Co. The bill of lading was delivered, the draft paid, but the goods were not what McCord-Brady Co. had purchased, and they never accepted them, nor did they take possession of them. It was not intended that the title should pass by the delivery of the bill of lading. A bill of lading does not have the effect of passing the title, where the evidence clearly shows a contrary intention (*Emery's Sons* v. *Irving Nat. Bank,* 25 Ohio St. 364, [18 Am. Rep. 299]; *Hilmer* v. *Hills,* 138 Cal. 135, [70 Pac. 1080]; *Dodge* v. *Meyer,* 61 Cal. 405).

One Broadwell, the bookkeeper of Giffen & Co., was called as a witness for plaintiff, and after giving evidence of various matters in which no objection was made, testified that Giffen & Co. had made various shipments of raisins to Mc-Cord-Brady Co., covering a period of more than a year. He was then asked the question: "Q. Now, then, state the course of business that has been followed all the time, if any, as to the drawing on them in these matters and the payment of the draft." To this question the defendant objected upon the ground that it was incompetent, irrelevant and immaterial, "and the only thing that would be competent, material or relevant would be what was actually done in this case." The objection to the question was overruled. The witness then testified that sometimes Giffen & Co. would bill a car for the actual amount, and draw for it as in the case at bar, and at other times they would draw on McCord-Brady Co., and hold the goods in their own warehouse. That McCord-Brady Co. always paid the drafts so drawn as they did in this case.

The evidence was properly admitted. It tended to show the intention of the parties as to the transfer of the title to the raisins. It tended to show that by the course of dealing the drafts of Giffen & Co. were paid without reference to the transfer of the goods shipped by a bill of lading. It was shown by the cross-examination of the witness that various letters had passed between Giffen & Co. and McCord-Brady Co., and that the negotiations were by letters. The witness also testified that the understanding arrived at was from the letters and "the understanding between us and Cartan & Jeffrey and through them with McCord-Brady." Defendant's counsel then moved the court to strike out the testimony of the witness as to the course of business on the ground that it was not the best evidence. The court denied the motion, and we deem it sufficient to say that in so doing it did not abuse its discretion. The objection on the ground that the course of business could not be shown by oral testimony because reduced to writing was not made when the evidence was offered. Nor does it clearly appear by cross-examination that all the course of business was contained in the letters. Defendant made no attempt to get the letters or to have the plaintiff produce them in court.

It was not error to give plaintiff's instruction No. 6, as it is in accordance with what we have said as to the passing of title by the bill of lading.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.