## Ed. Ash *v.* International Harvester Co.

[58 South. 529.]

Sales. *Remedies of buyer. Items of damage.*

Where a party buys an engine which is worthless, and rejects the same on that account he is entitled to recover of the seller all damages he has sustained by the seller's breach of contract including freight paid by him on the engine and a reasonable sum for storing and caring for the engine, unless he was directed by the seller not to store and care for it.

Appeal from the circuit court of Wilkinson county.
Hon. M. H. Wilkinson, Judge.

Suit by Ed. Ash against the International Harvester Company of America in which defendant filed a cross-action. From a judgment for defendant in the principal action and for plaintiff in the cross-action, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Shannon & Jones,* for appellant.

In this case, it would be exceedingly difficult to find a material point upon which the judgment ought not to be reversed.

Plaintiff paid one hundred and forty-three dollars freight on an engine, shipped in his name by defendant, with which engine defendant came, and which defendant set up and tried to run; which failed to run and was abandoned by defendant on plaintiff's lot, without ever tendering it to him.

It sat there on plaintiff's lot, for about two years, under a·shelter of tarpaulins furnished by plaintiff, who also greased and oiled it, and took such care of it as he could, but never used it nor tried to use it, nor was ever authorized to do so.

He proves the value of the storage, yet the court says he is entitled to nothing, neither for freight nor storage. We have to do some wild guessing to imagine how this conclusion was reached.

That defendant agreed to pay seventy-five cents per hundred weight, for freight, if it complied with its contract, shows clearly; that if plaintiff owed nothing on the engine, that seventy-five cents per hundred weight should have been allowed. But if plaintiff was not compelled to take the engine, and owed nothing on that, how on earth could he have been made to pay the freight? If he owned no interest in the engine, and never even had it tendered to him, how could he possibly be required to furnish two years storage gratis?

The conditions of the contract do say something about if the engine fails to work, the defendant refunds the purchase money and that ends it, but:

1st: The freight was a part of the purchase money under the contract.

2nd: That condition means only that no damages shall be recoverable.

3rd: The seventy-five cents per hundred weight was exigible.

4th: The contract was never performed by defendant, and no engine was ever accepted by, nor delivered to nor tendered to plaintiff.

5th: The contract is improperly in evidence.

It seems to us that it would be arrant nonsense to cite authorities in this case, and it is respectfully submitted.

*Bramlett & Tucker,* for appellee.

There was a written contract for the purchase of an engine, but the appellant sued appellee. for freight and storage on the engine, and not upon the contract nor any breach thereof, which is all that appellee could possibly be liable for, for the contract did not require appellee to repay appellant any freight paid by him, but only to allow the amount of freight so paid and agreed as a credit on the contract price of the engine. Nor was there the semblance of liability upon appellee to pay appellant storage.

The appellee's pleadings set out the contract for the purchase of said engine, and on the trial of said case the original contract was introduced in evidence by appellee and marked exhibit "B." The contract clearly shows that the engine was purchased by Ash in Chicago and that he expressly agreed to pay freight on the engine from Chicago to Centerville, Miss. The appellant ignored the contract and in his declaration, claims one hundred and forty-three dollars freight paid and eight dollars and fifty cents per month for storage of the engine. Under the terms of the contract the engine was delivered to appellant, when delivered to the common carrier at Chicago for transportation to appellant at Centerville, Miss. Appellant paid the freight on the engine at Centerville, Miss., as agreed in the contract. See exhibit "A." The engine was tested and appellant was not satisfied with the test, but failed to comply with warranty written upon the back of contract and a part thereof and contract and warranty set out in appellee's pleadings.

The appellee has fairly met the issue in this case, and as there is no effort made by appellant to show that

appellee has failed to comply with the contract or that appellee has failed in the terms and conditions of the warranty, the court, therefore, is only called upon to decide the matter of delivery, and we submit that under the pleadings and the evidence it is shown that the engine was sold under a solemn written contract and warranty, and that the goods were delivered to the appellant as per said contract.

But should the court hold that appellee is liable for the freight, one hundred and forty-three dollars, paid by appellant, which we consider extremely improbable, still there was no liability for storage, which appellant well knew when he brought suit, then the court is without jurisdiction, and the case was properly decided for that reason if no other; and this case should be affirmed.

SMITH, J., delivered the opinion of the court.

Appellant purchased from appellee a gasoline engine for the sum of one thousand five hundred and seventy-five dollars. This engine was shipped from Chicago to appellant at Centerville, Miss., he paying the freight thereon, which amounted to one hundred and forty-three dollars. This engine seems to have been worthless. It could not be operated even by the employees of appellee who went to Centerville for that purpose, and consequently it was rejected by appellant. After its rejection, appellee made no disposition of it, but it remained, and still is, in appellant's custody. Desiring to collect the freight paid by him and also compensation for storing and caring for the engine, and appellee being a foreign corporation, appellant instituted this suit by attachment, the writ being levied upon the engine. Appellee denied liability, and filed with its plea a demand for judgment against appellant for the price of the engine. The court by peremptory instruction charged the jury to allow neither appellant nor appellee anything, and from a judgment in accordance therewith an appeal was

101 Miss.—35

taken by the plaintiff in the court below; no appeal being taken by the defendant.

The peremptory instruction directing the jury not to allow appellant anything by his suit ought not to have been given. Appellee having broken its contract with appellant, he is entitled to recover from it all damages he has thereby sustained, included in which, of course, is the freight paid by him on the engine. He is also entitled to recover a reasonable sum for storing and caring for the engine, unless he was directed by appellant not to store and care for it.

*Reversed and remanded.*