[No. 11317.  Department One.  November 5, 1913.]

First Church of Christ, Scientist, *Respondent,* v.
Southern Seating & Cabinet Company,
*Appellant.*[1]

Sales—Breach of Contract by Seller—Measure of Damages.
Upon rejecting goods, because not conforming to the contract, the
purchaser is entitled to recover as damages the difference between
the contract price and the fair market value at the time of the re-
jection, together with the sum advanced to pay the freight.

Same—Measure of Damages.  Where church pews were rejected
because not conforming to the contract, the vendor cannot offset
against the vendee's damages the balance of the unpaid purchase
price after deducting the difference between what they were actu-
ally worth and the contract price; since there was no acceptance.

Sales — Acceptance — Retention and Use.  Where church pews
were rejected because not conforming to the contract, the purchaser
is not precluded from recovering damages by the fact that the pews
were left in its possession and used, after notice to the vendor to
remove them, the contract having provided that the vendor retained
the title.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered December 21, 1912, upon findings
in favor of the plaintiff, in an action on contract tried to the
court.  Affirmed.

*John E. Gallagher,* for appellant.

*Huffer & Hayden,* for respondent.

Chadwick, J.—The plaintiff contracted with the defend-
ant for certain church pews, to be delivered and set up in the
church building owned by plaintiff.  The contract was in
writing, and provided, among other things, that the prop-
erty should be "delivered and set up in church by the South-
ern Seating & Cabinet Company, said Southern Seating &
Cabinet Company to pay freight and drayage."  Title was
retained by the vendor.  Upon the arrival of the furniture in
Tacoma, the plaintiff, at the solicitation of the attending

[1]Reported in 136 Pac. 127.

agent of the defendant, advanced the sum of $618.48 to pay the freight then due the railroad company and for cartage and like expenses. The furniture was thereafter set up, and rejected by plaintiff as not conforming to the contract. Defendant was notified to remove its property. This it refused to do, and the furniture has since remained in the church house of the plaintiff. Plaintiff brought this action to recover the amount advanced to pay the freight and for damages. The court found that the pews were defective; that plaintiff was not bound to accept the same, and was entitled to recover the difference in value between the fair market value of the pews and the contract price, to wit, the sum of $800, together with the amount advanced on the purchase price, and rendered judgment accordingly. Defendant has appealed.

It is first assigned that the court erred in allowing plaintiff to recover damages on account of the increase in the market value, based on the difference between the contract price and the fair market value at the time the pews were rejected, and at the same time allowing plaintiff to recover that portion of the purchase price paid by it. The case of *Houser & Haines Mfg. Co. v. McKay*, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925, is relied on. That case is not in point. In that case, a breach of warranty was set up and the court held that a vendee could not rely upon a breach of warranty and at the same time rescind the contract. The fault in appellant's reasoning in the instant case lies in the fact that it assumes that there has been a rescission. This is not so. A rescission implies an acceptance. If plaintiff had accepted the pews, it would, under the case relied on, be bound as in a case for breach of warranty. There was no acceptance and therefore no rescission, so that recovery of that part of the purchase price paid before delivery, together with general damages, is not an inconsistent measure. *Philadelphia Whiting Co. v. Detroit White Lead Works*, 58 Mich. 29, 24 N. W. 881; *Taylor v. Saxe*, 134 N. Y. 67, 31

N. E. 258; *Ash v. International Harvester Co.*, 101 Miss. 542, 58 South. 529.

It is also complained that "the court erred in allowing plaintiff damages based on the difference between the contract price and the fair market value at the time the pews were rejected, and refusing to allow the defendant the balance of its unpaid purchase price after deducting the difference between what the pews furnished were actually worth and the contract price plus the amount paid thereon by the plaintiff." The fallacy of this argument lies, as does the first contention, in the fact that it assumes an acceptance. If this were so, the rule contended for would undoubtedly follow. There are cases where the right to recover the difference in value is disallowed, but these cases are infrequent and depend upon exceptional circumstances. There is no statement of facts in this case, and we must assume that the findings of the court are based upon competent testimony. This being so, plaintiff is entitled to recover its damages under the general rule.

Neither can the fact that the pews have been left in the possession of plaintiff militate against its right of recovery. If the pews had been sold under an ordinary contract of sale and title had passed and the action had been for damages as for breach of warranty, the retention and use of the pews would have been inconsistent with the measure allowed in this case. The terms of the contract, however, preclude the application of this principle. The title was reserved in the vendor and the pews have been at all times subject to its order.

We find no error and the judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and GOSE, JJ., concur.