**HUDSON RUG REFINISHING & CLEANING CORPORATION v. PRIME MFG. CO.**

No. 7359.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1940.

I. A. Fish and Wm. H. Voss, both of Milwaukee, Wis., for appellant.

Arthur Wickham, Joseph V. Quarles, and Kenneth P. Grubb, all of Milwaukee, Wis., for appellee.

Before EVANS, and MAJOR, Circuit Judges and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff averred in its complaint in the District Court that on February 19, 1937, it contracted to buy of defendant, certain equipment and machinery constituting when installed, a rug drying machine f.o.b. Milwaukee, Wisconsin, for $5,400; that the dryer, warranted to possess a specific capacity for removal of moisture, was to be erected under the supervision of defendant and, if demonstration of performance of the contract should be requested, defendant would make tests, reserving the right to make any and all changes necessary to fulfill the warranty. It was further alleged that the contract was induced by false and fraudulent representations upon which plaintiff relied; that the apparatus failed to perform in accord with the warranty; that relying upon the false representations made, plaintiff advanced $500 on the purchase price and expended substantial moneys for freight, material and labor in installation and alteration of and testing the mechanism; that plaintiff had been put to expense in alteration of its building to accommodate installation, and in other specified manners, and that plaintiff never accepted the property.

Defendant answered denying misrepresentation and averring that plaintiff had accepted the property, failed to give notice of intention to rescind or collect damages within a reasonable period and wholly omitted to offer to return the property. For counterclaim defendant asked judgment for the balance of the purchase price.

On trial the jury returned special verdicts finding that defendant had made false and fraudulent representations as averred; that plaintiff was justified in relying upon the truth of such representations; that plaintiff, at the request of defendant, had incurred expenses in installation, alteration and tests of the dryer, and in the removal, piling and storing of rugs and for material and labor furnished in making changes and alterations. The jury found specially also that the machinery failed to operate with the guaranteed capacity; that plaintiff gave notice of its refusal to accept the dryer and offered to return the same, all within a reasonable time after it knew the facts;

that plaintiff afforded defendant opportunity to make tests and all changes which defendant deemed necessary, but that plaintiff did not sustain any loss of profits or damage to its good will. The jury allowed plaintiff a return of the payment made on the purchase price, $500, and damages in the sum of $3,290, a total of $3,790. After verdict and upon motion of plaintiff, pursuant to Rule 49 (a) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court found that plaintiff had been damaged in an additional sum for expenses incurred in preparing its premises for installation of the machine. The court also allowed interest on the verdict from the date of breach, August 27, 1938. From the resulting judgment for $5,181.93 and interest, defendant appeals.

Defendant argues that the judgment erroneously granted plaintiff inconsistent relief of both damages for breach and rescission; that plaintiff failed to notify the seller within a reasonable time of its election to return the property; that the damages recovered are not proper for breach of warranty and that the court was without power to increase the damages found by the jury.

■ Whether there was misrepresentation of fact is settled in the affirmative by the verdict. The evidence regarding this issue was controverted but clearly sufficient to justify the submission of the issue to the jury.

The serious question involved is that of alleged inconsistency in the relief granted. It will be observed that the verdict of the jury was that the warranty had been broken; that the contract was induced by false representations; that plaintiff was entitled to damages incurred in making installation but not to any damages for injury to its good will or loss of profits. The judgment included damages found by the jury to exist and reimbursement of that part of the purchase price which had been paid.

It seems clear from the verdict, sustained by the evidence, that the damages recovered were incurred entirely because of misrepresentations of fact. Therefore the question is whether the plaintiff might recover its purchase price and likewise damages incurred as a result of the misrepresentations or breach of warranty. This must be decided by reference solely to the Wisconsin law.

■ Section 121.69 (1) (c) of the Wisconsin statutes of 1939, governing sales, identical with the Uniform Sales Act of New York and of other states, provides that where there is a breach of warranty by the seller, the buyer may at his election refuse to accept the goods if property therein has not passed and maintain an action against the seller for damages. In addition, under well-recognized principles, the vendee may, when, justifiably, property is not accepted, recover the purchase price paid. Whether the damages authorized by the statute and included in the verdict can properly be allowed depends, therefore, upon the further question of whether title had passed,—whether there was a seasonable refusal to accept the goods. Again reference must be had to the Wisconsin statutes.

■ Under Section 121.19 where there is a contract to sell specific goods and the seller is bound to do something to the goods for the purpose of putting them in a deliverable state, title does not pass until such thing be done. Here the goods were consigned to plaintiff but were to be assembled and installed as a complete unit,— a going machine,—in the plant of plaintiff, under the supervision of an engineer of defendant. Performance was to be demonstrated and the seller reserved the right "to make any and all changes necessary to fulfill" the warranty. The plain meaning of these provisions is that plaintiff was purchasing an involved mechanism to be installed under defendant's direction, which was to perform in a certain manner and that to effectuate such performance, defendant was to have the right to make any changes necessary. In this situation a finding that it was the intention of the parties that title should not pass until the property should be accepted by plaintiff was justified. Consequently, under the Wisconsin statutes, there was evidence to justify the jury in finding that the sale covered property upon which specified work was to be done to put it into deliverable or acceptable state, that this work was not done and that plaintiff did not accept the property. Plaintiff, therefore, had a right to maintain an action against the seller for damages as well as to refuse to accept the property and recover the purchase price paid. If our ideas of the general law of contracts indicate inconsistency in joining these two branches of relief, that inconsistency vanishes in view of the Wisconsin statute.

**■■** Nor can. it be insisted that there was lack of sufficient evidence from which the jury might find that plaintiff refused to accept the goods. The testimony of plaintiff indicated that the property was installed after considerable alteration of the premises in the summer of 1937. When defendant's supervisor left in September, 1937, the machine was not yet operating. The president of plaintiff so advised defendant and said that he did not want the dryer. The reply was that defendant's representatives were convinced that they could get the machine to work properly and wished the tests to continue. A new valve was installed and later in the year a new test made. Again the testimony of plaintiff is that it advised defendant that "the results were no better"; that plaintiff could no longer be bothered with the machine and "wanted it out of its place of business." However, plaintiff, at the request of defendant, agreed to wait for another test in the following spring, upon the repeated assurance that the dryer could be made to work. On March 28, 1938, defendant wrote plaintiff that it was still considering what "steps to take." Plaintiff replied that the equipment had been materially misrepresented and could not be used. As late as August 23, 1938, defendant wrote it would conduct another test, and on August 27, the test was made with unsatisfactory results. Plaintiff's testimony is that defendant's representative then said "he was licked" and "would throw up his hands entirely and advise defendant to take the machine out and make a settlement" with plaintiff, who then ordered the dryer taken out and refused to use or to accept it. While this evidence was controverted, its credibility was for the jury and it is sufficient to sustain the finding that there was no acceptance and that the refusal to accept was within a reasonable time.

**■■** Upon this latter question, it is well to observe that under the express provisions of the contract, defendant was to have all reasonable opportunity to make changes, in order to produce satisfactory results, and until defendant had exhausted these opportunities or had refused to make further effort there was no obligation upon plaintiff to declare that it would not accept. Until reasonable time for opportunity to make all necessary changes had expired, and not until then, was the plaintiff bound to elect whether it would receive the equipment or return it. Under the evidence of plaintiff, the efforts of defendant to perform its contract did not cease until August 27, 1938, and then plaintiff, who had at all times previously said that it did not want the equipment, finally and definitely said that it would not accept and the suit followed. This evidence supports clearly a case, not of rescission of a completed contract of sale but of the statutory cause,— a refusal to accept goods not in accord with the representations and guarantees with resulting damages, claim for which was made in a reasonably diligent manner. Consequently, the claim of defendant that the plaintiff can recover only its purchase price and no damages cannot be sustained.

**■** Section 121.69 (6) of the Wisconsin statute provides that the measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events and section 121.70, that nothing in the act shall affect the right of the buyer to recover interest or special damages. The damages allowed included nothing in the way of speculative profits, but only actual damages incurred by plaintiff, the amount of which is in no wise questioned. The circumstances are such that these items must be deemed to have been within contemplation of the parties at the time of the contract, because they are only those which directly and naturally result from the breach. Gotham Nat. Bank of New York v. Sharood Co., 2 Cir., 23 F.2d 567; Taylor v. Saxe, 134 N.Y. 67, 31 N.E. 258; Barrett Co. v. Panther Rubber Mfg. Co., 1 Cir., 24 F.2d 329.

It matters little whether we consider the damages as resulting from breach of warranty or from the fraud. The evidence submitted by plaintiff would sustain them under either theory. They were clearly justifiable as flowing from the fraud perpetrated. "The measure of damages which the recipient of a fraudulent misrepresentation is entitled to recover from its maker as damages under the rule stated in Section 525 is the pecuniary loss which results from the falsity of the matter misrepresented." American Law Institute, Restatement of Torts, Section 549; Ochs v. Woods, 221 N.Y. 335, 117 N.E. 305, 306, 307; Duncan v. Stoneham, 253 N.Y. 183, 170 N.E. 571, 572; Waldman Produce Co. v. Frigidaire Corp., 157 Misc. 438, 284 N.Y.S. 167, 169-177.

**■** Defendant insists that the allowance of additional damages by the court deprived it of the right to a jury trial. The additional damages were allowed in pur-

suance of Rule 49 (a) and included items of damages not submitted to the jury incurred by plaintiff in preparing for the installation of the equipment. Defendant stipulated with plaintiff that the amount thereof was not in controversy and there was no controversion of the evidence that the damages were incurred. In this situation the court might have directed the jury, in view of its special findings, to return a verdict for these additional damages. As the evidence was undisputed there was no error, therefore, in the court's inclusion of the same.

We find no error upon the part of the District Court and the judgment is, therefore, affirmed.