(20 Misc. Rep. 583.)

RUBEN v. LEWIS et al.

(Supreme Court, Appellate Term. July 1, 1897.)

1. SALES—RESCISSION BY VENDEE—RETURN OF GOODS.

When a vendee seeks to rescind a contract of sale because of false representations, and offers to return the goods, a refusal by the vendor to receive them, except for sale for the vendee's account, is equivalent to an absolute refusal to receive them, and dispenses with the necessity of proving an actual return.

2. AUCTION SALES—EXISTENCE OF THING SOLD.

Though the sale of goods by an auctioneer "as are" relieves him from any responsibility by way of warranty, or for any defects in the. condition of the thing sold, it nevertheless implies the existence of the thing sold in some condition, and does not protect him if the subject of the sale is wholly different from what it is represented to be.

3. RESCISSION—DAMAGES.

A vendee who rescinds a sale of goods which prove to be unmerchantable may recover the expense of carting them away.

Appeal from Second district court.

Action by Louis Ruben against Edward S. Lewis and another to recover moneys paid to an auctioneer for goods purchased at an auction on the ground that the sale was made by false representations. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. Handford and Shipman, Larocque & Choate, for appellants.
James P. Niemann, for respondent.

.DALY, P. J.    The justice has given judgment for the plaintiff for the various sums of money paid by him to the defendants upon purchases at their auction rooms of three lots of goods represented, respectively, to be mucilage, Turkish cigarettes, and a lot of sheeting, bags, burlaps, and wrapping paper.    The recovery was allowed upon the claim of the plaintiff that he was induced to make these purchases by certain representations of the auctioneers, and that the representations were false, and it is claimed by the appellants that the plaintiff was not entitled to recover, because he had not returned nor offered to return the goods in question; but it appears from his testimony that he did make the offer, and that it was declined by defendants, who would only agree to receive the goods back and sell them for his account.    This was equivalent to a refusal to receive the goods, and dispensed with the necessity of proving an actual return.    The goods belong to defendants by virtue of this judgment, which proceeded upon a rescission of the sale, and of course can be had upon demand, so that the appellants' complaint that the plaintiff may have realized upon the goods by a sale, and is the gainer, in addition, by the recovery back of the price, will not affect the right of recovery in this action.

As to the merits of the plaintiff's demand, there can be no question, if his evidence is true, and the justice had abundant testimony upon which to base a finding that it was.    The fluid sold as mucilage, contained in bottles, turned out to be colored water; the tobacco in cigarettes sold as Turkish cigarettes turned out to be sweepings of Virginia tobacco; and the lot of goods represented and sold as burlaps, seamless bags, and sheeting consisted of scraps and fragments piled up and covered with certain sheetings, so as to present a deceptive appearance, and to mislead intending purchasers, and prevent them from making an examination.    The defendants claim that the goods were sold "as are," and that full opportunity was given bidders at the sale to examine them.    If the sale of the goods "as are" relieves the defendants from any responsibility by way of warranty, or for any defects in the condition of the thing sold, it nevertheless implies the existence of the thing sold in some condition, and does not protect them if the subject of the sale is wholly different from what it is represented to be.    It might protect the seller if the article sold as mucilage were simply damaged mucilage, or if the cigarettes were made of an inferior quality of Turkish tobacco, or if the sheetings, etc., were in a damaged condition; but it would not protect the seller if there were no mucilage, no Turkish tobacco, and no sheetings, etc., sold, but mere imitations, substitutes, or utterly unmerchantable articles.    It is the duty of the purchaser to inspect, if the opportunity is afforded him, but the seller must not resort to any deception.    "In respect to the merchantable quality of goods sold, where the purchaser has an opportunity of inspecting them, the rule of law seems to be that the seller may let the buyer cheat himself ad libitum, but he must not actively assist him in doing so."    5 Wait, Act. & Def. 566.    The de-

fendants' witness Cleary, an experienced purchaser at auctions, who also bid upon these goods, admitted that he was led to believe, from the way the piles of sheetings were packed, that they contained sheets inside the same as outside; and it was proved that the defendants' employé assorted and piled those goods. The defendant Lewis admitted that they should have been described as "rags of sheetings." With respect to the mucilage in bottles and cigarettes in packages, which were not easily accessible to the purchasers, and which were sold under a particular description, and turned out to be, the one totally unmerchantable, namely, colored water instead of mucilage, and the other a different article from what was sold, the plaintiff is not concluded by failure to make an examination before his purchase. The seller cannot complain that the purchaser relied upon his representation as to the kind of goods he was selling. It does not appear that any defects of the goods could have been discovered by such an examination as could have been made at the auction. The defendants are not relieved by want of knowledge on their part·of the falsity of their representations. As the goods were not as represented, defendants could not have known that the representations were true, and, if·they affirmed as a fact that which they could not and did not know to be a fact, their liability is the same as if they affirmed what they knew to be false. Marsh v. Falker, 40 N. Y. 562; Meyer v. Amidon, 45 N. Y. 169. The expense to which the plaintiff was put in carting away the unmerchantable goods was properly allowed in his recovery. Had the goods been merchantable, he might have reimbursed himself for this expense by selling them, which he could not do under the circumstances, and for it he was entitled to recover.

The judgment should be affirmed, with costs. All concur.