SILAS BEAL et al., Respondents, v. MINNEAPOLIS THRESHING MACHINE COMPANY, Appellant.

**St. Louis Court of Appeals, May 15, 1900.**

Contract, Rescission of: DAMAGES: TITLE TO PROPERTY, WHEN IT PASSES. In the case at bar the re-delivery of the machinery to appellant before the contract had been fully executed by or title had passed to respondents and its unconditional acceptance by appellant, operate as a rescission of the contract by mutual consent, and the appellant, when it consented to the rescission, was bound to put respondent in *statu quo*.

Appeal from the Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*John A. Hope* with *Johnson, Houts, Marlatt & Hawes* for appellant.

(1) The court erred in admitting evidence of previous oral agreements as to payment of freight. The contract

executed in writing between plaintiff and defendants, is the only evidence of their agreement. Where parties have reduced their contract to writing, it is conclusively presumed in the absence of accident, fraud or mistake, that the whole engagement and the manner of its performance are embraced in the writing, and all anterior and contemporaneous stipulations and representations are merged in the written contract. Gooch v. Connor, 8 Mo. 391; State ex rel. v. Horshaw, 98 Mo. 360; Tracy v. Iron Works Co., 104 Mo. 197; Lindell Hotel Co. v. Baily, 3 Mo. 598; Bignall v. Mfg. Co., 59 Mo. App. 578; Bank v. Cushman, 66 Mo. App. 105. (2) Oral evidence is not admissible to engraft additional stipulations upon a written contract. Pearson v. Carson, 69 Mo. 550; Hair Company v. Walmsley, 32 Mo. App. 118; George v. Dean, 17 Mo. App. 335; Frissell v. Mayer, 13 Mo. App. 333. (3) The contract expressly provides that no promises or agreements of any agent, canvasser, employee or attorney in respect to the subject-matter thereof will be considered binding unless reduced to writing and made a part of the contract. (4) Under the contract plaintiffs waived all warrants by not making settlement in cash or by notes before delivery of the thresher outfit. Defendant was under no obligation to take the thresher back (even if it was defective), much less to refund any freight charges paid by plaintiff. The common form of contract tendered by defendant to plaintiffs, was an offer; by accepting it without objection, plaintiffs signified their acceptance of the offer, and became bound by all of its contents. 1 Bishop Modern Contract Law, par. 47; Grace v. Adams, 100 Mass. 505; Watkins v. Rymill, L. R. 10, Q. B. D. 178; Kellerman v. Railroad, 137 Mo. 188.

*W. H. Miller* for respondents.

(1) The contract as an entirety can not be binding as to one party and not so as to the other. This is fundamental

and needs no citation of authorities. (2) The warranty constituted one of the main features of the contract, and when the machinery did not fulfill the warranty, the contract was avoided and the purchaser was entitled to have his charges paid thereunder, refunded. Fairbanks v. DeLisle, 36 Mo. App. 711; Newman v. Stephens, 83 Mo. 218; Craycroft v. Walker, 26 Mo. App. 469; Summers v. Paddock, 55 Mo. App. 296. (3) The defendant, having received the property and sold it to other parties, is estopped from insisting upon a compliance with the terms of the contract. Skeen v. Springfield Thresher Co., 34 Mo. App. 485; Kerr v. Bell, 44 Mo. 120; Hopkins v. Murray, 57 Mo. App. 59; Turner v. Mellin, 59 Mo. App. 526. (4) The fundamentals asserted in appellant's brief do not apply to a case where the defendant agrees to the cancellation of its contract.

BLAND, P. J.—The suit is to recover $90 freight charges paid by respondents on a threshing outfit shipped by rail from Minneapolis, Minnesota to Jackson, Missouri, on an order and contract of respondents embraced in the same instrument. The order is as follows:

"Order for machinery,

"Dated Oakridge, Mo., June 14, 1897.

"The Minneapolis Threshing Machine Company of Minneapolis, Minn.

"Please furnish to J. L. Sheppard at Jackson, from the point and by the route you consider best, on or about the 28th day of June, 1897 (or as soon thereafter as you may be able to obtain transporation):" Here follows a description of the machinery covered by the order. So much of the contract as is material to notice in this opinion reads as follows:

"We the undersigned, hereby agree to receive the above described machinery on arrival, subject to the conditions of

the warranty and agreement printed below, and to pay in advance the freight and charges thereon from the factory, and further agree to pay to your order at the time named herein the sum of eighteen hundred seventeen and 50-100 dollars as follows:   Cash on or before delivery $——.

"Note due Oct., 1897, for $606.

"Note due Oct., 1898, for $606.

"Note due Oct., 1899, for $595.50.

All of said notes to be made payable to the Minneapolis Threshing Machine Company or order, with interest from date of delivery at the rate of — per cent per annum, until paid.

"The undersigned agree to fully settle for the above described machinery before it is delivered to them by paying said cash and giving said notes and a mortgage on all of said machinery and other approved security. It is further agreed that failure to settle for the machinery at the time and place of delivery, as herein provided, shall be a full and complete waiver of the warranty herein, and a release of the warrantor therefrom."

The additional security to be given is described as follows:   "It is mutually agreed between the parties hereto, that the above machinery is ordered, purchased and sold subject to the following express warranty and agreement, and none other, viz:

"1. That the purchasers are all of lawful age, and own the property offered as additional security as well as that represented in their respective property statements on the back of this order.   That this order is given subject to the acceptance of the Minneapolis Threshing Machine Company, and that no promise or agreement, whether of agent, canvasser, employee or attorney, in respect to the warranty, payment, security, or to the machinery above described, will be considered binding unless reduced to writing and

made a part hereof, and ratified by the home office." * * *

The third condition of the contract is as follows:

"3. That the title to said machinery shall not pass unless settlement is concluded according to the provisions hereof, and the same is accepted by the company. No local or traveling agent of the company is authorized to deliver machinery before settlement, as herein provided."

The evidence is that when the threshing outfit arrived at Jackson the respondents paid the freight charges ($90), took the outfit into their possession and made several attempts to thresh with it; that it proved unsatisfactory and in a few days it was returned to appellant's agent, John L. Sheppard, at Jackson, and was afterwards sold by appellant to other parties; that respondents did not at any time execute the notes or give the security provided for in the contract. From the testimony it seems the chief difficulty about operating the threshing outfit arose from a defective blower, which respondents had purchased from a company other than appellant. Appellant offered to replace the blower with an efficient one, but respondents declined to accept the offer.

The defense relied on at the trial and the contention here is, that respondents having failed to comply with the conditions of the contract, forfeited all claim to any damages they may have sustained, including the payment of the freight bill of $90. If the contract is to govern, this contention should be sustained. Before the contract was fully executed and before title to the outfit passed to respondents the appellant took back the machinery and sold it to other parties. The redelivery of the machinery to appellant before the contract had been fully executed by, or title had passed to respondents and its unconditional acceptance by appellant, operate as a rescission of the contract by mutual consent, and the appellant when it consented to the rescission was bound to put respondents *in statu quo*. Sachleben v. Heintze, 117

Mo. 520; Jarrett v. Morton, 44 Mo. 275; Skeen v. Spring-
field Engine & Thresher Company, 34 Mo. App. 485.    The
place of delivery under the terms of the order and contract
was at Jackson, Mo.    The consignee of the shipment was
Sheppard, the agent of the consignor.    Respondents agreed
to pay the freight in advance and to pay $1,817.50 for the
outfit.    The freight charges may very properly be said to
have been a part of the purchase price of the goods.    At
any rate the respondents redelivered the goods where they
had received them, and they were received there by the
seller.    Respondents did all that was required of them to
be done on the rescission of the contract, to-wit: delivered
the goods at the place where they had received them · and
to the party from whom they were received; they put the
appellant *in statu quo.*    The corresponding duty rests upon
appellant to put respondents *in statu quo,* that is to restore
the money which they (respondents), paid on the contract.
The learned circuit judge so adjudged, and we affirm the
judgment.    Judge *Bond* concurs; Judge *Biggs* absent.