SAMUEL U. TILTON and ISAAC P. KEELER, Copartners Doing Business under the Firm Name and Style of TILTON & KEELER, Respondents, *v.* MAX SCHWARZ, Appellant.

First Department, January 13, 1922.

Sales — contract to deliver at once not performed by delivery seven weeks later — action by buyer to recover purchase price on rescission of contract after delivery — plaintiff must allege and prove tender of goods to seller and refusal to accept — inconsistent actions — purchaser cannot sue to recover purchase price paid on rescission and for damages for breach of contract — purchaser must elect between remedies.

A contract for the sale of goods to be shipped at once entered into on the seventh day of January, is not performed by a delivery of the goods on the twenty-eighth day of February for such delivery was neither " at once " nor within a reasonable time.

The plaintiffs, having rescinded the contract for the sale of the goods after they were delivered to them, must allege and prove in an action to recover back the purchase price paid, that they tendered the goods back to the defendant or offered to do so and that the defendant refused to accept, and where there is no allegation in the complaint of a tender and refusal, nor of an offer to return, the complaint is insufficient.

Plaintiffs could not rescind the contract and sue to recover the purchase price paid and also recover as damages in the same action the difference between the purchase price and the market value of the goods either on the date ·of delivery or the date when they should have been delivered, for the two actions are inconsistent.

*It seems,* that, in such case, one may either rescind the contract, tender the goods back and recover the purchase price, or retain the goods and sue for the difference in market value, but an election must be made between these remedies.

APPEAL by the defendant, Max Schwarz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of January, 1921, granting plaintiffs' motion for judgment on the pleadings, consisting of a complaint and demurrer thereto.

*Underhill & Rubinger* [*Walter Underhill* of counsel], for the appellant.

*Strauss, Reich & Boyer* [*Lorenz Reich, Jr.,* of counsel; *Charles Strauss* and *Eugene D. Boyer* with him on the brief], for the respondents.

PAGE, J.:

The complaint alleges that on January 7, 1920, the plaintiffs bought from the defendant sixteen bales of bleached goods upon the express understanding and agreement that the defendant should ship the same *at once* to 'the Greenville Finishing Company at Greenville, R. I., to be held by them for the plaintiffs; that the plaintiffs paid to the defendant $17,971.72; that the plaintiffs were ready and willing at the time and place aforesaid to receive the merchandise, and otherwise have duly performed all the conditions of the agreement on their part to be performed; that the time required to deliver goods from Pawtucket, R. I., to Greenville, R. I., either by railroad or motor truck did not exceed one day; that the defendant failed to deliver the goods or any part thereof at once or within a reasonable time; that on February 28, 1920, plaintiffs, having learned for the first time that the goods had not been delivered to the Greenville Finishing Company until February 26, 1920, notified the defendant that, because of the failure to ship the goods at once in accordance with the contract of sale, the plaintiffs duly rescinded said sale and duly notified the defendant that the merchandise was being held by plaintiffs subject to the disposition of the defendant, and demanded the return of the purchase price. There are allegations in the complaint that the market value of the merchandise was considerably less at the time of the delivery than the contract price, and also than the market value if the goods had been delivered within a reasonable time after the making of the contract of sale; and as plaintiffs' damage is alleged at $27,971.72, it would appear that $10,000 was claimed as such damage, in addition to the amount paid on the purchase.

We agree with the learned justice at Special Term that the delivery on February twenty-sixth was neither a delivery at once nor within a reasonable time. If the plaintiffs had rescinded before that date, we should have sustained the complaint at least in so far as it is sought to recover back the purchase price. But the plaintiffs did not elect to rescind until after the goods had been delivered. When this is the case, the buyer on rescission must tender the goods back or offer to do so and the seller must have refused to accept. There is no allegation of a tender and refusal, nor is the offer to return

made in the complaint.   (See Pers. Prop. Law, § 150, as added by Laws of 1911, chap. 571.)   The plaintiffs cannot rescind the contract, recover the purchase price and also recover as damages the difference between the purchase price and the market value of the goods either on the date of delivery or the date when they should have been delivered.   They cannot rescind and also recover under the contract.   These are two inconsistent causes of action and cannot be united in the same complaint.   (Code Civ. Proc. § 484; Civil Practice Act, § 258.) There is no allegation that they were compelled to and did buy other similar goods to take the place of those contracted to be sold, nor any other allegation of actual damage.   The plaintiffs could rescind, tender the goods back and recover the purchase price, or retain the goods and sue for the difference between the market value and the contract price.   The plaintiffs must elect which remedy they will pursue, and allege an appropriate cause of action.

The motion should have been denied.   The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiffs to serve an amended complaint upon payment of said costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiffs to serve amended complaint on payment of said costs.