WALDMAN PRODUCE, INC., Appellant, *v.* FRIGIDAIRE CORPORATION, Respondent.

Supreme Court, Appellate Term, Second Department, December 13, 1935.

*Jacob B. Lindner,* for the appellant.

*Ireland, Cohen & Hendrickson* [*Harold P. Clune* of counsel], for the respondent.

CROPSEY, J. The question to be determined upon this appeal, though one that must have arisen frequently, does not seem to have been considered in many reported cases.

The plaintiff was in the produce business. Desiring a refrigerator to preserve its fruits and vegetables, plaintiff advised defendant of its need, stating the temperature that the box would have to maintain in order to meet the plaintiff's requirements. The defendant represented to the plaintiff that its refrigerator would maintain the required temperature. Relying upon this representation, plaintiff purchased the box, making a substantial payment on account. The jury has found that the refrigerator did not measure up to the defendant's representations and did not maintain the required temperature and that as a result plaintiff lost its produce of a value found by the jury; also that plaintiff rescinded the contract and offered to return the refrigerator. Plaintiff sued upon two causes of action, one to recover the amount paid on the purchase price, and the other the value of the produce that had been placed in the refrigerator and which was lost. The jury found for the plaintiff upon both claims. Later the trial court set aside the verdict upon the motion of the defendant, based upon the claim that plaintiff's two causes of action were inconsistent. The question presented to us is the propriety of that ruling. Are the plaintiff's causes of action inconsistent? May the plaintiff, having rescinded the contract, recover for the loss of its produce?

The general rule is well known, namely, that upon a sale of personal property, where the goods do not measure up to the warranty, the buyer has an election either to return the goods and rescind the sale or to keep the goods and sue for damages. It is undisputed that he may not do both. It is the defendant's claim that the plaintiff, by its two causes of action, has really sought to

enforce those two remedies. Upon the record it must be found that plaintiff did rescind the sale and that it is proceeding on that basis. Thus, plaintiff clearly is entitled to the return of the amount it had paid on account of the purchase price. The defendant does not dispute this. The controversy arises over the other cause of action, the one to recover the value of the damaged produce.

Perhaps our consideration of the question involved will be made simpler if we at the beginning point out that in neither cause of action does the plaintiff seek to recover damages because the refrigerator was worth less than it had agreed to pay for it. Plaintiff merely seeks to recover what it had paid and the damage it sustained by the loss of its produce. The verdict which the plaintiff had would merely have placed it *in statu quo*. Of course, plaintiff could not recover the amount it had paid on the purchase price and also, by way of damages, the difference between what the refrigerator was worth as installed and what it would have been worth had it been as represented. Those two claims would be inconsistent. The damages referred to in the general rule above stated, which may be recovered if the goods are retained, is the difference between the value of the goods as they are and as they should be. Such damages, of course, may not be recovered where the contract has been rescinded. In such a case the buyer having rescinded and returned the goods, has not suffered any damage because of their lessened value. But again we may say that plaintiff here does not make any such claim. Besides seeking to recover the amount it had paid, plaintiff's other claim is for the damage it suffered through the loss of its produce because the refrigerator did not maintain the proper temperature. This latter claim has no reference to the monetary value of the refrigerator as it was delivered or its value as it should have been according to the contract.

There seems to be nothing inconsistent in plaintiff's two claims. Clearly it is not seeking double damages, which is what it would be doing if it were attempting to recover the amount paid on the purchase price as well as the difference between the value of the refrigerator as delivered and as contracted for. What plaintiff is seeking here is to be placed in the position it was in before it made the contract with the defendant. It has called the deal off by rescinding the contract and it merely asks to be made whole. The recovery of the amount paid on the price would not restore the plaintiff to the position it was in before the contract was made. Because the defendant misrepresented that the refrigerator would maintain the required temperature that would preserve the plaintiff's produce, upon which statement the plaintiff relied, plaintiff sustained damage through the loss of its produce. To be placed *in*

*statu quo* it should recover this loss as well as the amount paid on account. That is all the plaintiff seeks and it is all that was awarded to it by the verdict.

The defendant in effect says that the plaintiff was entitled to recover the value of the produce that it lost, but that it could have such recovery only if it kept the refrigerator and did not rescind the sale and sued the defendant for whatever damages it could establish as the difference between the value of the icebox as delivered and as it should have been. Concededly had the plaintiff adopted that course and brought that kind of an action, it would have been entitled, in addition to such damages just mentioned, to recover for the loss of its produce. It seems to us that the plaintiff should be equally entitled to recover for the loss of its produce regardless of the election which it made and of the nature of the action which it brought. To hold that plaintiff must keep an icebox which it does not want and which will not be of service to it, in order to recover for the loss of produce that was put into it, seems to require something which is lacking in common sense and is not called for by any principle of law. The damage to the produce seems to have no relation to the damage which plaintiff might have established had it elected to keep the icebox.

But the defendant urges that plaintiff's claim for the loss of its produce is based upon the warranty and as there has been a rescission there remains no warranty and so plaintiff may not maintain that claim. It seems to us, however, that the recovery of damages for such loss is not and does not have to be based upon a claim of breach of warranty. It is true that had the plaintiff elected to keep the refrigerator it might have sued the defendant for the loss of its produce on the theory that that damage resulted from the breach of the warranty. But there seem to be other grounds for recovering the same damage where the contract has been rescinded.

When the defendant represented that the refrigerator would maintain the temperature requisite to preserve plaintiff's produce and plaintiff bought it relying upon that representation, the defendant in effect agreed to pay the plaintiff any damage that it might suffer if the refrigerator failed to maintain the required temperature and to preserve the goods. In effect the defendant assured the plaintiff that it could place its produce in the box without risking loss and impliedly agreed to make good any loss that resulted from so doing. This implied agreement survived the rescission of the main contract.

It might also be held that as the plaintiff relied on the representations of the defendant and thereby suffered loss, it would have an action based upon the defendant's deceit to recover its damage,

aside from any question of breach of warranty. The underlying principle in such a situation is that the buyer should be made whole. There are ample authorities to sustain these contentions.

In *Ruben* v. *Lewis* (20 Misc. 583) plaintiff bought certain goods at auction. Finding they were not as represented, he rescinded the purchase and sued for the amount he paid and also the expenses incurred in carting the goods away. It was held he was entitled to recover. Regarding the carting expense the opinion states (p. 586): " Had the goods been merchantable, he might have reimbursed himself for this expense by selling them, which he could not do under the circumstances, and for it he was entitled to recover."

In *Welch* v. *Seligman* (72 Hun, 138) the action was to recover damages for obtaining goods through false pretenses. The court held that plaintiffs' complaint should not have been dismissed, saying (p. 141): " This is not an action on the contract to recover the agreed price, but an action in disaffirmance to recover damages for the fraud alleged to have been practiced, and there is nothing in the point that this action is inconsistent with the replevin action previously brought, as the learned trial judge correctly held."

Black on Rescission and Cancellation (Vol. 3 [2d ed.], § 695, p. 1653) reads in part: " Judgment for damages in addition to rescission. The right to rescind a contract being equitable, if damages as well as rescission are necessary to complete justice, both will be allowed."

27 C. J. 18 (§ 128) reads in part: " If, however, a perfected rescission does not place the injured party *in statu quo*, as where he has suffered damage which the rescission and the remedies based thereon cannot repair, there is no principle of law which prevents him from thereafter maintaining an action of deceit, and in such cases a recovery has uniformly been allowed."

In *McRae* v. *Lonsby* (130 Fed. 17) the seller sued for the purchase price of goods. The defendants answered alleging they were induced to make the contract through the false representations of the plaintiff. The defendants recovered on their counterclaim for moneys expended in trying to carry out the contract before they rescinded. The court said (p. 20): " The rescission of the contract by the defendants did not prevent their recovery for the damages they were brought to suffer by relying on the false representations which induced it. Not having got what they bought, they were not obliged to go on and keep and pay for a thing they had not bought and did not want. Nor would the refunding of the price paid — that is to say, the recovery of the note — restore to them the expense they had incurred by reason of the plaintiff's fraud, a consequence which the plaintiff must have known the defendants would suffer."

In *Wilson* v. *New United States Cattle-Ranch Co.* (73 Fed. 994) the opinion states (p. 997): " Upon a rescission of a contract of purchase, the measure of damages is the consideration paid and the moneys naturally expended on account of the purchase before the fraud was discovered."

In *Linderman Machine Co.* v. *Hillenbrand Co.* (75 Ind. App. 111; 127 N. E. 813) it was held that the buyer had the right to reject the goods and to sue for special damages for fraud in inducing the making of the contract. The damages which the buyer had sustained were the expenses to which it had been put in installing the machine, paying freight on it and for loss of material and time in attempting to operate it. The court said (p. 115): " This is an action for damages occasioned by the fraud of appellant and not an action for a breach of a warranty." Further the court said (pp.116, 117): " The theory of the courts in granting relief to a purchaser in an action by him for fraud is that the loss sustained by him, and which is the natural result of the fraud, should be made good, and that he should be placed, as near as practicable, in as good condition as he was prior to the perpetration of the fraud."

In *American Pure Food Co.* v. *Elliott & Co.* (151 N. C. 393; 66 S. E. 451) the seller sued for goods sold and delivered. The defendant counterclaimed, alleging he had rescinded the contract for fraud and sought to recover damages. The court said (pp. 396, 397): " Rescission will bar a recovery of damage when the only damage sustained is in not getting what was bargained for, and no special damage has been sustained. According to the weight of authority, if special damage has been sustained, so that the party defrauded is damaged, *notwithstanding* the rescission, his rescission of the contract will not bar a recovery of such special damage."

In *Fields* v. *Brown* (160 N. C. 295; 76 S. E. 8) the court said (at p. 298): " If, however, a perfected rescission does not place the injured party *in statu quo*, as where he has suffered damage which the rescission and the remedies based thereon cannot repair, there is no principle of law which prevents him from thereafter maintaining an action of deceit, and in such cases a recovery has uniformly been allowed." (This language seems to be identical with that quoted from 27 C. J. above.)

In *Hunt County Oil Co.* v. *Scott* (28 Tex. Civ. App. 213; 67 S. W. 451) the action was to rescind a contract of purchase of cotton seed and for damages. Holding that plaintiff was entitled to recover, the opinion says (p. 216): " Where the right of rescission is sought and established the authorities seem to assume that the measure of damages, as a general rule, is the return of the whole consideration paid, together with such further special damage or expense as may

have been reasonably incurred by the party wronged on account of the contract."

In *Granette Products Co.* v. *Neumann & Co.* (200 Iowa, 572; 203 N. W. 935) the purchase price of building materials was sued for. The defense was that the material was not in accordance with the contract and had been rejected, and defendant counterclaimed for damages arising out of the expense to which it had been put in trying to use the material. The opinion stated (p. 579): " But where the contract contemplates the furnishing of material for a particular purpose, as the erection of a structure, and the purchaser expends money in attempting to so use it, and later rescinds the contract because of the failure of the material to comply with the contract, he is entitled to be put *in statu quo;* and this includes the recovery of not only the money he has paid under the contract, but also the reasonable expense he was put to in attempting to use the material for the contemplated purpose."

In *Phares* v. *Jaynes Lumber Co.* (118 Mo. App. 546; 94 S. W. 585) the court said (p. 556): " Plaintiff became entitled to recover any payments he had made on account of the contract and any reasonable and necessary expense he incurred in caring for defendants' property and in inspecting it to ascertain if it filled the measure of the contract, but he is not entitled to recover any damages based on the contract itself, for that has been destroyed by rescission and therefore cannot sustain a cause of action."

There are also further authorities to the same effect: *Abraham Bros.* v. *Browder* (114 Ala. 287; 21 So. 818); *Dietrich* v. *Badders* (27 Del. [4 Boyce] 499; 90 A. 47); *Denivelle Co.* v. *Keil, Inc.* (140 N. Y. Supp. 150); *Lehrer* v. *Nusbaum* (133 Misc. 710); *Farris* v. *Ware* (60 Me. 482); *Beal* v. *Minneapolis Threshing Machine Co.* (84 Mo. App. 539); *Lenox* v. *Fuller* (39 Mich. 268; note in 31 L. R. A. [N. S.] 910 *et seq.*); *Sorenson* v. *Keesey Hosiery Co.* (244 N. Y. 73, at p. 80).

Had the plaintiff been induced to make the contract through the misrepresentation of a third party it could have sued that party for the damages in question. (*Newman* v. *Guaranty Trust Co. of N. Y.*, 243 App. Div. 633.) It would seem to follow that plaintiff should have a similar cause of action against the defendant because of the breach of its warranty.

The defendant cites but two cases to sustain the lower court in setting aside the verdict. Neither of these supports the order appealed from. In *Joannes Brothers Co.* v. *Lamborn* (237 N. Y. 207) the question considered was the sufficiency of a complaint. In discussing this question the court stated that an action to recover damages to be measured by the difference between the value of

goods as they are and their value as they ought to be, is based upon the affirmance of the contract and is inconsistent and not properly to be united with one based upon rescission. We recognize this as being a correct statement of the law, but it does not apply here because the plaintiff is not seeking such damages. In the other cited case (*Tilton* v. *Schwarz*, 199 App. Div. 607) the court held that a complaint was not good because it was based upon rescission but showed that the goods had been delivered and did not contain an allegation of a tender of their return. The opinion contains a statement very much the same as that carried in the *Joannes* case just mentioned, that is, that the buyer could not rescind and also recover upon the contract, as those claims were inconsistent. The opinion states, however (p. 609): " There is no allegation that they were compelled to and did buy other similar goods to take the place of those contracted to be sold, nor any other allegation of actual damage." This seems to indicate that the court recognized there could be a recovery of damages where there had been rescission, though of course not any damage arising out of the difference in the value of the goods.

The defendant also calls attention to the provisions of the Sales Act (Pers. Prop. Law, § 150) and claims that under that the plaintiff is entitled only to recover the amount paid on the purchase price. That section is headed: " Remedies for breach of warranty," and its provisions necessarily relate only thereto. The section provides that where there is a breach of warranty by the seller, the buyer may at his election accept the goods and sue for damages for breach of warranty or rescind the contract and recover the purchase price paid; and that when the buyer has claimed and been granted a remedy in either of those ways no other remedy can thereafter be granted. It is this latter provision that the defendant urges. The section, however, seems capable of the construction that the damages referred to are only those which are measured by the difference in the value of the goods and that the section is not intended to affect a claim such as the one here which arises out of misrepresentations inducing the making of the contract. This is made all the more clear, by the provisions of the following section (151) which reads: " Nothing in this article shall affect the right of the buyer or the seller to recover interest or special damages in any case where by law interest or special damages may be recoverable, or to recover money paid where the consideration for the payment of it has failed." (See, also, the provisions of § 154.)

The defendant might have cited the case of *Weigel* v. *Cook* (237 N. Y. 136), although there this point was not presented in either brief (Court of Appeals Cases, Brooklyn Law Library, vol. 4520).

There the court did not discuss the question, merely citing some cases as authority for the proposition. The text for which the cases are cited is found at page 142 and reads: " A buyer cannot, however, recover both damages and purchase price when a case has been tried on the basis of rescission." The cases cited, which follow, do not seem to support the text.

*Houser & Haines Mfg. Co.* v. *McKay* (53 Wash. 337; 101 P. 894) was an action to recover the purchase price of a harvester. The answer was that the machine was bought, as plaintiff knew, for harvesting purposes, that there was an implied warranty that it was fit for the purpose for which it was to be used, whereas in fact it was not properly constructed and was not fitted and after reasonable trial had been found to be useless and of no value, and because of its failure to do the work and the delays incident to its trial defendant's grain crop became overripe and he had lost a large profit. For this defendant claimed damage and he further claimed to be repaid the amount he had expended as freight on the harvester. From the opinion it is apparent that the defendant had to pay the freight in addition to the purchase price. The court held he was entitled to recover the freight charges but not his other claim for damages. The latter holding might be supported on other grounds. At page 342 the court said that where there had been a rescission of the contract on the ground that the machine was not as warranted, " The measure of damages in such case would be the amount of freight which the respondent had paid on the machine." True, the court went on to say that the freight was in effect a payment upon the purchase price, but what seems to have been meant is that the freight was a part of the sum which the machine had cost the defendant. In other words, the defendant had been damaged to the extent of the freight paid as well as the amount of the purchase price. The freight was not strictly a part of the purchase price and it was no more a damage or loss to the defendant than was the loss of the produce to the plaintiff in the instant case. The freight charges in the cited case and the produce lost in the instant case fall in the same category. They are expenses incurred by the buyer in reliance upon the representations of the seller.

In *Park* v. *Richardson & Boynton Co.* (81 Wis. 399; 51 N. W. 572) damages were sought for defects in a furnace sold by defendant. That case turned upon the provisions of a special contract entered into between the parties and the opinion indicates plainly that the decision was based thereon.

The section referred to in 2 Williston on Sales ([2d ed.] § 612) is headed: " The buyer's remedies are mutually exclusive." This section is found in chapter 23, which is headed: " Remedies of the

buyer on the contract." Reading the entire chapter, the indication is plain that the text is intended to mean that where the buyer elects to rescind he may not have damages for the lessened value of the article. There is nothing, however, that in any way indicates that upon rescission the buyer may not be made whole and may not recover damages such as the plaintiff here claims.

The case of *Gilmore* v. *Williams* (162 Mass. 351; 38 N. E. 976) involved no aspect of the question of rescission.

The remaining case cited in the *Weigel* opinion is *Gerli & Co.* v. *Mistletoe Silks Mills* (80 N. J. L. 128; 76 A. 335). There the court held that recovery could not be had for the expenses incurred in attempting to use the purchased articles, where there had been a rescission of the contract. The provision of the Sales Act in New Jersey was referred to as authority for this conclusion, the court saying (p. 129): " It is a logical consequence that where the purchase price has not been paid, the buyer's only remedy in case of rescission is to withhold the price." This opinion fails to take note of the other provisions of the Sales Act which we have already pointed out and which show that an action for damages such as those claimed in the instant case will lie even after rescission.

The order setting aside the verdict and granting a new trial should be reversed upon the law, with thirty dollars costs to appellant, and the motion should be denied. The appeal from the order denying motion for reargument must be dismissed.

MacCrate and Lewis, JJ., concur.