[Civ. No. 17682. Second Dist., Div. One. July 16, 1951.]

FRANK T. DAVISSON et al., Respondents, v. H. M. FAUCHER, Appellant.

Charles Murstein for Appellant.

J. Marion Wright and Owen E. Kupfer for Respondents.

HANSON, J. pro tem.—The basic question here presented is whether purchasers after having entered into a written executory contract with a seller absolving the latter from liability for alleged prior false representations and promises made to induce the purchase of two houses may after giving notice of rescission of that contract, sue and recover for all

damages accruing to the purchasers both prior and subsequent to the written contract.

Originally the parties entered into an oral contract by the terms of which the defendant agreed not only to sell two houses she owned to the plaintiffs, but to move them to the latter's lot and there place them upon foundations to be prepared by plaintiffs—all for a consideration of $7,000. One of the terms of the oral contract required the defendant to procure from the city the requisite permits involved in moving, placing, and maintaining the houses on the premises of the plaintiffs. The complaint, which sought actual damages in the sum of $12,661 and exemplary damages in the sum of $10,000, alleged that the defendant not only breached the *oral* contract, but also made various material false representations to induce the purchase. The complaint further averred that as a result of these claims by the plaintiffs, and a demand by them, the defendant entered into a *written* contract with the plaintiffs wherein the defendant agreed to rectify and settle the claims of respondents by undertaking to fulfill the obligations as set forth in the written contract. The complaint goes on to aver that the defendant breached the later written contract in certain particulars and as a consequence the plaintiffs served upon the defendant a notice of rescission of the written contract. The complaint, however, does not seek a judgment of rescission, but instead damages based on the various alleged acts of the defendant, such as the initial alleged false representations which induced the oral contract, breaches thereof and outlays made and which would have to be made by reason of the breach of the written contract. The evidence disclosed that the defendant-appellant expended $1,172 toward the fulfillment of her obligations as set forth in the written contract. There was no evidence as to the further cost that would be involved in fulfilling the remaining terms of the contract.

Over apt objections made during the trial to evidence and to the instructions given and refused the court submitted the cause to the jury under instructions which permitted it to allow damages on respondents' theory of damages.

The written contract recites the purchase on the part of the plaintiffs of the two houses here involved from the defendant Faucher and the payment of the consideration therefor by the plaintiffs; that in moving the houses to the lot of the plaintiffs it was necessary for Faucher to remove the roof and porch of one of the houses and part of the roof of

the other, as well as certain plumbing fixtures in each of the houses. The contract by its language proceeds to obligate Faucher to install a new roof of new materials on the one house as per a blueprint attached, to repair the roof of the other house, and to do certain other acts which need not here be detailed. The contract likewise details some minor obligations to be performed by plaintiffs. ■ The contract then goes on to recite: "Both parties agree that fulfillment of this agreement by each party hereto shall constitute an effective release of all obligations of every sort from one party in favor of the other. . . ."

It is evident from the foregoing recitals that the written contract was a complete novation of all obligations of the parties, one to the other, which existed prior to the execution of the written contract and in particular the obligations arising out of the oral contract. The fact that the written contract was executory is of no moment. (*Beckwith* v. *Sheldon,* 165 Cal. 319 [131 P. 1049].) By the novation the old oral contract, and all obligations arising out of it, were "canceled and obliterated as completely as though it had never had existence." (*Beckwith* v. *Sheldon,* 165 Cal. 319 [131 P. 1049] ; to the same effect is *Eckart* v. *Brown,* 34 Cal.App.2d 182 [93 P.2d 212] ; see, also, 1 Black on Rescission and Cancellation, 2d ed., § 8.)

■ Upon a breach of the contract of novation by the defendant Faucher the plaintiffs were entitled either to sue for damages or to seek a rescission of it, but they could not do both. (*Davis* v. *Rite-Lite Sales Co.,* 8 Cal.2d 675 [67 P.2d 1039].) Initially, the plaintiffs elected to rescind the contract by giving notice to that effect, but later on in instituting the present action they did not seek a judgment of rescission or, in the alternative, damages for breach of the contract. Instead, they sought damages arising out of the superseded contract and damages for the breach of the written contract of novation together with damages for false representations which induced them to enter into it.

We do not stop to consider whether the complaint failed to state a cause of action, as appellant contends, nor do we tarry to decide whether the plaintiffs by their notice of rescission made a binding election. Instead we proceed upon the assumption, as it is stated by the respondents, that they seek neither a rescission of the contract nor damages for its breach, but instead damages for fraud and deceit. Upon that premise what are the rights of action of respondents as contradistin-

guished from the would-be causes of action alleged? We think the answer is quite simple.

At the outset we note that the action for damages, if maintainable, must be based on the assumption that the contract was not effectually rescinded, but instead was affirmed as being binding on the parties. (3 Black on Rescission and Cancellation, 2d ed., §§ 561-563.) ▇ On the theory that the contract was affirmed by respondents the latter were entitled to recover damages for any breach of the terms of the written contract and perhaps damages, if any, resulting from false representations, if such there were, that caused the respondents to enter into that contract. (*Cf., Waldman Produce* v. *Frigidaire Corporation*, 157 Misc. 438 [284 N.Y.S. 167].) Assuming, for the sake of argument, that the jury on the facts was entitled to find there had been a breach of the contract by the appellant-defendant and that the latter had made false representations to the respondents which had caused the latter to enter into the contract, it is nevertheless obvious that such damages, and those alone, were at best recoverable. The case, however, as it was submitted to the jury, by the instructions given, permitted it to find not only such damages, but in addition any and all damages that the respondents sustained at and prior to the execution of the written contract of novation. That being true it follows that the case must be reversed, regardless of any and all other errors assigned. Among the errors assigned by appellant are (1) that the complaint failed to state a cause of action; (2) that the evidence failed to establish that the plaintiffs sustained any damage; (3) that the court erred in not granting a nonsuit and likewise in not directing a verdict; (4) that the court erred in the instructions it gave and refused; (5) that it erred in its rulings on evidence. These alleged errors, and others which we have not detailed, have been considered by us, but as we are of the view that so far as the errors assigned are well taken, they all merely add up to the fact that the case must be reversed and tried anew.

Accordingly, the judgment and the order denying the motion for judgment notwithstanding the verdict are reversed and a new trial ordered.

White, P. J., and Drapeau, J., concurred.