BEEZER, Circuit Judge,
concurring in judgment.
I concur in the result reached by the court. I write separately to express my understanding of novation under California law, and how that law applies in this case. In my view, California law instructs that the rejection of plaintiffs’ (“Fanucchi”) no-vation theory was not proper on summary judgment, but that Fanucchi faces a substantial burden at trial to demonstrate that such a novation actually occurred.
I
As the opinion of the court recounts, Fanucchi received a loan from United in 1994 for crop financing. Language in the loan documents prohibited oral amendments to the agreement. The “Notice of Final Agreement” also specifically provided that the contract “may not be contradicted by evidence of any prior, contemporaneous, or subsequent oral agreements or understandings of the parties.” Fanucchi now attempts to do just that. To get around these agreed-upon provisions, Fan-ucchi argues that a novation occurred, completely extinguishing the old contract in favor of a new agreement between the same parties. Fanucchi relies on California Civil Code § 1698(d), which enábles courts to give effect to a true novation despite its inconsistency with the prior agreement.
Although the word “novation” does not appear ip Fanucchi’s complaint, the theory is purportedly discoverable in paragraph 5 of this document. In its entirety, that paragraph reads:
In 1995, Defendant agreed to finance the Plaintiffs’ farming operations for the 1996 crop year and five (5) years thereafter. During these discussions the parties agreed that fór a period of five (5) years the Defendant would finance the Plaintiffs’ [sic] and give them the opportunity to rehabilitate their farming oper-átions by not pursuing collection efforts. The Defendant conditioned its offer upon the condition that the Plaintiffs first had to obtain alternative financing from a source other than the Defendant. At the conclusion of each subsequent crop year, after the sale proceeds for the new crop was paid and the new financier was paid, the balance of the sales proceeds from the crops were to be distributed on “60/40” basis. Sixty percent (60%) was to be paid to the Defendant *1090 and forty percent (40%) was to be paid to the creditors of the Plaintiffs. In early 1997, one or more of the Plaintiffs had a conversation with [a representative of Defendant], During that conversation, the following oral agreement was reached: (a) defendant would provide no further crop financing to plaintiffs; (b) defendant would subordinate its security interest in future crop proceeds to any other lenders who might provide crop financing for future years; (c) defendant would continue to be paid sixty (60%) of the net proceeds from each future crop to apply towards its receivable from the Plaintiffs; and (d) if Plaintiffs were able to pay down one half (1/2) of the principal amount owing on the debt with Defendant within five (5) years, Defendant would forgive the balance of the principal and accrued interest.
From the complaint, it is not immediately apparent what exactly triggered a novation. Was it the 1995 “discussions,” or the 1997 “conversation”? Evidence in the record further muddles this picture, and Fan-ucchi’s briefing does little to clear it up.[1] The most logical candidate fór a novation is the purported agreement in 1997. Of course, because Fanucchi is alleging an oral novation, there is no document memorializing the terms of the alleged deal. Lack of a written contract, however, does not allow us to speculate about what that oral agreement entailed. Fanucchi’s complaint spells out its version of the agreement’s terms. Our task is to determine whether, viewing the evidence in the light most favorable to Fanucchi, the record supports those allegations in a manner sufficient to demonstrate a novation.
II
The opinion of the court properly states the relevant requirements for a novation under California law: the substitution of a new obligation for an existing one, with the intent to extinguish the prior agreement. Cal. Civil Code §§ 1530, 1531. Evidence supporting a novation must be “clear and convincing.” See supra at 1082 (citing Columbia Cas. Co. v. Lewis, 14 Cal.App.2d 64, 57 P.2d 1010, 1013 (Cal.Dist.Ct.App.1936)).
The strong emphasis on intent of the parties in California novation claims convinces me that summary judgment is not warranted here. See, e.g., Williams v. Reed, 113 Cal.App.2d 195, 248 P.2d 147, 151-52 (1952). There is some evidence from the submitted depositions that, when viewed in the light most favorable to Fan-ucchi, indicates that the parties intended to immediately substitute the new agreement for the old, extinguishing the prior contract. See Menotti v. City of Seattle, 409 F.3d 1113, 1119 and 1127 n. 23 (9th Cir.2005). Such intent, if true, could effect a novation. See Davisson v. Faucher, 105 Cal.App.2d 445, 233 P.2d 567, 568 (1951). It is for this reason that I agree that we should reverse the summary judgment. But I believe it is necessary to write further because the opinion of the court suggests a theory of novation inconsistent with California law. By conflating the concept of novation by substituted contract with other contract law principles, the opinion of the court credits certain evidence in the record as supporting Fanuc-chi’s theory when it clearly fails to do so.
A
My first concern is that the court’s opinion inadequately differentiates between a *1091 substituted contract novation and a modified contract. The mere fact that a subsequent agreement contained several changes from the original is by no means a sufficient basis for finding a novation. The critical requirement, as the court acknowledges, is the parties’ intent to completely extinguish the original agreement. See Wells Fargo Bank, N.A. v. Bank of Am. NT&SA, 32 Cal.App.4th 424, 38 Cal. Rptr.2d 521, 525 (Ct.App.1995) (“It must clearly appear the parties intended to extinguish rather than merely modify the original agreement.” (internal citations omitted)).
For this reason, I find the court’s reliance on Alexander v. Angel, 37 Cal.2d 856, 236 P.2d 561 (1951), to be misplaced. The opinion of the court concludes that the present dispute “resembles” that in Angel because both cases involved changes to a debtor’s loan obligations. What the opinion of the court glosses over, however, is the most relevant difference between that case and the one before us: namely, the disputes turn on different theories of novation.
California Civil Code § 1531 recognizes three separate methods for effecting a no-vation. The two relevant here are (1) the substitution of a new obligation between the same parties, with intent to extinguish the old obligation, and (2) the substitution of a new debtor with intent to release the old debtor. Unlike the present case, Angel involved a novation by way of substitution of parties, not a changed obligation between the original parties. See 236 P.2d at 563-64. The fact that the new parties in Angel changed some terms from the original agreement indicated the intent to release the original debtor, satisfying that element of a novation by substitution of parties: as the California Supreme Court explained, the original mortgagor would have had to agree to any substantial (or “drastic”) change in terms if he were to remain a surety in the agreement. Id. at 564. In contrast, changing terms between the same parties does not necessarily imply anything about a novation by substituted contract.
The opinion of the court attempts to link the cases anyway, equating the “drastic” changes sufficient to demonstrate an intent to substitute parties with the changes necessary to demonstrate an intent to extinguish a prior contract between the same parties. This conclusion is contrary to the very case law previously discussed by the court. In particular, the court finds it significant that Angel involved a revised contract with three changes in terms: (1) a change in payment schedule, (2) the addition of interest payments, and (3) the addition of an acceleration clause. Yet the' opinion of the court appears to recognize that, under Davies Machinery, “alterfing] the timing and amount of the payments” due on an old obligation is insufficient to cause a novation. See supra at 1083 (discussing 39 Cal.App.3d 18, 113 Cal.Rptr. 784 (Ct. App.1974)). Under the court’s analysis, then, the difference between the failed no-vation argument in Davies and the successful claim in Angel amounts to the addition of an acceleration clause in the new contract. Cf. 14 Cal. Jur.3d Contracts § 251 (1999) (“A mere change in the amount of the debt, the terms and mode of payment, the rate of interest, or the nature of the security does not effect a novation, unless the parties’ intention that it should do so is clearly shown.”).
I submit that Angel should not be read in such a manner. The three changes discussed by Angel are merely indicators of the truly “drastic” change that they precipitated: releasing the surety. The opinion of the court’s analysis strips Angel’s discussion of its context, attaching qualities of a change-in-parties novation to *1092 a purported substitute contract novation between the same parties.
B
My next concern is that the opinion of the court does not adequately distinguish a “novation” from an “accord and satisfaction” under California law. The relevant difference is whether the old contract is extinguished upon acceptance of the new promise (novation) or upon performance of the new promise (satisfaction). Gardiner v. Gaither, 162 Cal.App.2d 607, 329 P.2d 22, 31 (1958). When there is an accord, “the original obligation remains in force until the new one is performed.” Id, (citations omitted). This distinction is relevant because, although California Civil Code § 1698 creates an “oral novation” exception to the general prohibition against oral modifications, there is no similar express exception for an accord lacking satisfaction. Neither Fanucchi nor the opinion of the court has sufficiently demonstrated why, in .light of § 1698(c), this court should give any legal effect to an oral accord that conflicts with an original agreement’s requirement that any subsequent change must be in writing.[2]
Courts must presume the parties intended the creation of an accord rather than a novation. The California appellate court decision in Gardiner v. Gaither is instructive. After explaining the difference between the two contract doctrines, the court states: ■ .
In the instant case there is no evidence that respondent, on behalf of his clients, agreed to accept [appellants’] promise to complete three of the five structures as satisfaction of the pre-existing debts. Certainly, the presumption is against any such conclusion.
329 P.2d at 31 (emphases added); see also Brown v. Friesleben Estate Co., 148 Cal.App.2d 720, 307 P.2d 388, 394 (1957) (quoting and applying Restatement (First) of Contracts § 419 (1932), which states that when a contract is made for the satisfaction of a preexisting duty to provide compensation, ■ “the interpretation is assumed in the case of doubt ... that only performance of the subsequent contract shall discharge the preexisting duty”) (emphasis added). Williston discusses a similar point as follows:
Unless there is clear evidence that the accord itself was intended as the satisfaction, it must be presumed that the parties contemplated the performance of the accord as the satisfaction; for it is not a probable inference that a creditor *1093 intends merely an exchange of its present cause of action for another.
29 Richard A. Lord, Williston on Contracts § 73.37 (4th ed.2003) (footnote omitted).
The opinion of the court observes that, in determining whether an accord or novation took place, the “determinative factor” is the intent of the parties. See supra at 1086. I agree. But authority relied on by the court for this proposition also counsels that the presumption is against a novation. See Gardiner, 329 P.2d at 31. I disagree with the opinion of the court that this presumption, present in both California cases and secondary sources, can be so easily explained away as an exception applicable only with certain anomalous factual settings. See Williston on Contracts § 73.37.
In my view, California law instructs courts to apply this presumption here. Even assuming that United agreed to enter an entirely new agreement under the terms Fanucchi asserts, a court need not infer that United intended merely “an exchange of its present cause of action for another.” The presumption must be that United agreed to amew repayment .plan on the express condition Fanucchi would satisfy the terms of the new agreement, and that United intended to keep the old agreement alive until Fanucchi performed. Fanucchi should bear the burden of proof to overcome this presumption.
C
As the opinion of the court observes,' I find the case of Williams v. Reed, 113 Cal.App.2d 195, 248 P.2d 147 (1952), to be a particularly relevant example of what is not sufficient to demonstrate novation. While reversing the summary judgment in favor of novation, Reed holds that an agreement to forgive an outstanding debt upon future satisfaction of a new obligation does not support a novation. Id. at 152. As the Reed court states:
Plaintiff agreed to accept, in settlement of the old notes,' a certain sum of money, with interest, that sum to be paid in full by [a certain date]. That does not indicate an intent to substitute the new obligation for the old, unless and until the new obligation has been performed.

Id.

The opinion of the court views Reed as simply another representation of “black-letter California law distinguishing accord and novation.” Supra at 1088. I agree. My point is that Fanucchi cannot expect to demonstrate a novation by referencing factual allegations that are similar to those that the Reed court held did not-evidence a novation. Fanucchi’s own briefing states “that the repayment obligation was plainly modified — cease interest, and if paid down ... the remainder would be waived.” (emphases added). This assertion leads me right back to Reed. I do not see how agreeing to waive an old obligation if.a new obligation is satisfied demonstrates “an intent to substitute the new obligation for the old, unless and until the new obligation has been performed.” 248 P.2d at 152; see also 14 Cal. Jur.3d Contracts § 251 (1999) (“If the new agreement is to become operative only at a future time, or is dependent on a condition that is not performed, there is no extinguishment of the original obligation and the. novation fails.”).
The fact that a central aspect of Fanuc-chi’s novation claim rests on a theory of novation rejected by Reed almost persuades me that summary judgment is appropriate. But Reed ultimately concludes that other evidence could convince a trial court otherwise. See 248 P.2d at 155. Fan-ucchi’s evidence and allegations are mixed at best, but when viewed in the light most favorable to Fanucchi, possibly could per *1094 suade a reasonable trier of fact that the parties intended to immediately substitute a new contract for the old. It is for this reason that I am satisfied to reverse summary judgment.
Ill
California lawmakers were explicit in recording their disfavor of oral agreements purporting to modify written contracts in situations like the one we consider: where the parties contemplated such a scenario and expressly required any changes to be in writing. The court’s broad reading of novation has the potential to undermine the force of California statutory law. According to the opinion of the court, a novation looks quite similar to a modification or unsatisfied accord. I am not convinced that such an interpretation is consistent with the intent of the California legislature, California case law interpreting state law, or general contract principles.
California law indicates that Fanucchi first must prove the parties intended to extinguish the prior agreement and not simply modify it. But that is not enough. Fanucchi then must also demonstrate that it was United’s intent to extinguish the prior agreement upon acceptance of Fan-ucchi’s promise to fulfill its new obligations, not upon performance (i.e., that a novation occurred and not an accord). The presumption is in favor of an accord, not a novation.
With these principles in mind, I concur in the judgment of the court.

. Fanucchi asserts that the novation occurred when Fanucchi first agreed to forego bankruptcy in exchange for modifying its repayment obligations, presumably in 1995. But Fanucchi's briefing and arguments rely heavily on the facts of the alleged 1997 agreement to assert that the modifications were comprehensive enough to demonstrate a novation.

. The fact that United has supposedly prevented satisfaction of the alleged accord is of no moment here. Although it is certainly true that “parties to an accord are bound to execute it,” Cal. Civ.Code § 1522, “a plea which . avers an unexecuted accord fails to state facts sufficient to constitute a defense.” Silvers v. Grossman, 183 Cal. 696, 192 P. 534, 536 (1920). As explained in Gardiner v. Gaither:
an accord may be binding on the parties, but it does not discharge the obligation it is made to satisfy until it is executed.... It is an elementary principle that an accord without satisfaction is not a bar, nor does it constitute a defense. In other words, if a second contract is but an accord, then the original obligation remains in force until the new one is performed.
329 P.2d at 31 (quoting 1 Cal. Jur.2d § 34).
If Fanucchi were asserting an accord in writing, the case for suspending United's right to enforce the original obligation, pending timely performance, would be significantly different. Cf. 29 Richard A. Lord, Williston on Contracts § 73:33 (4th ed.2003). But Fan-ucchi is not. A non-satisfied, oral accord cannot prevent enforcement of a written contract that expressly requires all changes to be in writing. See Cal. Civ.Code § 1698(c) & (d). If Fanucchi could end-run this statute by asserting that United had prevented satisfaction of the accord, this same reasoning would apply equally to a "modified” contract, which the opinion of the court and I both agree provides no basis for suit here. See supra at 1081.